UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERICK ROMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00445-WTL-MPB |
| | ) |
| OFFICER ROBERTSON, | ) |
| | ) |
| Defendant. | ) |

**Entry Screening Complaint
And Directing Issuance and Service of Summons**

Plaintiff Erick Roman has paid the initial partial filing fee and his complaint is now subject to screening pursuant to 28 U.S.C. § 1915A.

## I. Screening Standard

Plaintiff is incarcerated in the United States Penitentiary – Terre Haute and wrote to the Court in a letter received September 11, 2017. The Court will construe the letter as a *pro se* complaint asserting claims against a Bureau of Prisons officer and seeking injunctive relief. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" *Fed. R. Civ. P.* 8(a)(2). It is not necessary for a plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Claims by federal prisoners against a federal employee are brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). The Court is obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Plaintiff's Complaint

Construing plaintiff's letter as a complaint, the Court finds a claim against Officer Robertson. Plaintiff asserts that Officer Robertson sexually abused him in his cell. He also asserts that Officer Robertson has since then engaged in a series of retaliatory acts such as denying him recreation time, placing him in an unlighted cell for two days, threatening him for "snitching," explaining how he will pay other inmates to harm plaintiff, and telling plaintiff to watch what he eats. The latter threat has caused plaintiff to not eat anything that is not factory sealed. He believes he is in danger from Officer Robertson. An Eighth Amendment cruel and unusual punishment claim against Officer Robertson **shall proceed**.

The complaint mentions several other actors, but the Court discerns no claim against them. Rather, it appears these names are included in a historical narrative of the circumstances surrounding plaintiff's claim against Officer Robertson. The Court also finds no demand for monetary damages, only unspecified injunctive relief that will keep plaintiff safe. If plaintiff believes the Court has overlooked claims or defendants, or overlooked the question of monetary damages, he shall inform the Court by **December 7, 2017**.

### III. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed on a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

### IV. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(2) to issue process to defendant Officer Robertson. Process shall consist of a summons. Because plaintiff is proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, a copy of the complaint filed September 11, 2017 (Dkt. No. 1), and a copy of this Entry, on defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 11/9/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Erick Roman
50818-037
USP Terre Haute
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 33
Terre Haute, IN 47808

Officer Robertson
USP Terre Haute
4700 Bureau Road South
Terre Haute, IN 47802