UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERICK ROMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00445-WTL-DLP |
| | ) |
| OFFICER ROBERTSON, | ) |
| | ) |
| Defendant. | ) |

**Order Granting Motion to Dismiss and Directing Entry of Final Judgment**

Plaintiff Erick Roman, while incarcerated at the United States Penitentiary – Terre Haute ("USP-TH"), filed a complaint alleging that Officer Robertson sexually abused him in his cell. He also asserted that Officer Robertson engaged in a series of retaliatory acts. Mr. Roman only requested injunctive relief and made no demand for monetary damages. *See* Dkt. No. 16 at 3.

Defendant Officer Robertson has responded to Mr. Roman's complaint by filing a motion to dismiss for lack of jurisdiction. Mr. Roman has not responded to the motion, and the time to do so has passed. For the reasons explained below, defendant Officer Robertson's motion to dismiss, Dkt. No. 33, is **granted**.

## I. Standard of Review

Defendant Officer Robertson seeks dismissal of this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the

plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint...to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999) (internal quotations omitted). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id*.

## II.     Factual Background

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the complaint, and draws all possible inferences in Mr. Roman's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

On September 11, 2017, plaintiff Erick Roman, while incarcerated at the USP Terre Haute, filed a complaint requesting injunctive relief to transfer him to a different federal correctional facility. *See also* Dkt. No. 20 (plaintiff's motion for an injunction). Mr. Roman made no requests for monetary damages.

The Court screened Mr. Roman's complaint on November 13, 2017, and allowed his claim for injunctive relief to proceed against Officer Robertson. Dkt. No. 16.

On or about February 15, 2018, Mr. Roman was moved to Seattle, Washington and is currently under the supervision of the Residential Reentry Management – Seattle ("RRM – Seattle"). Dkt. No. 33-1 at 1. His current location is the Shelton Reception Center, 2321 W. Dayton Airport Rd., Shelton, WA 98584. *Id.*

### III. Discussion

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The Court's jurisdiction, therefore, depends on "an actual controversy [that] must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Thus, if the controversy defined by a legal claim is no longer live, or the parties lack a legally cognizable interest in the outcome, the claim is moot, and the court must dismiss for want of jurisdiction. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *see also Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) ("Because a moot case does not present a 'case or controversy' under Article III, a finding of mootness deprives a federal court of the authority to act.") (citation omitted). A claim of mootness is a "nonwaivable question of subject matter jurisdiction," and therefore properly raised in a motion pursuant to Rule 12(b)(1). *See South-Suburban Housing Center v. Greater S. Suburban Bd. of Realtors*, 935 F.2d 868, 880 n.12 (7th Cir. 1991).

Generally a prisoner's transfer from one prison to another moots claims for declaratory or injunctive relief against officials at the prior prison. *See Ross v. Mebane*, 536 F.2d 1199, 1202 (7th Cir. 1976) (affirming a District Court's holding that "injunction restraining officials at Oxford from the future imposition of certain forms of disciplinary action on the prisoner" was moot because the prisoner was transferred); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (finding that transfer mooted claim for injunctive relief "against officials of the first prison"); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (affirming District Court's decision that transfer from prison where inmate sought declaratory and injunctive relief concerning strip search practice mooted claim).

Under these circumstances, Mr. Roman's transfer to a different federal facility in a different state (from USP-TH in Indiana to RRM – Seattle in Washington State) moots his claim for injunctive relief against Officer Robertson. Moreover, Mr. Roman will no longer have contact with Officer Robertson, which was precisely the relief Mr. Roman sought in this case.

Thus, defendant Officer Robertson's motion to dismiss, Dkt. No. 33, is **granted.** The dismissal of this action shall be without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/16/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ERICK ROMAN
50818-037
RRM SEATTLE
Residential Reentry Office
Inmate Mail/Parcels
P.O. BOX 13901
SEATTLE, WA 98198

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov